IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles I. Jones,<br>*a.k.a. Charles Ishmael Jones,*<br><br>       Plaintiff,<br><br>vs.<br><br>Mr. Michael McCall;<br>Mr. R.L. Turner;<br>Mr. M. Marano;<br>Grievance Tape P239,<br><br>       Defendants.<br>_____ | ) C/A No. 0:10-00071-CMC-PJG<br>)<br>)<br>)<br>)<br>)   **REPORT AND**<br>)   **RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The Plaintiff, Charles I. Jones ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at McCormick Correctional Institution ("MCI"),[1] a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names SCDC employees as Defendants.[2] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

---

[1]The Defendants in this action are Perry Correctional Institution employees.

[2]Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a

potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges that on June 21, 2009, Defendant Marano "conducted a shakedown of my cell by himself." (Compl., Docket Entry 1 at 3.) Plaintiff states that "[i]n doing his job [Defendant Marano] was negligent as to the proper procedure of conducting a shakedown" and "Defendant Marano] did not know how to shake a room down according to S.C.D.C. Policy, which says that if I/M is not present then another officer is suppose to be present." (Id.) Defendant Marano's search of Plaintiff's cell apparently revealed a weapon, as Plaintiff states that he went to a disciplinary hearing on July 7, 2009. Plaintiff entered a

plea of not guilty to the offense of possession of a weapon, but was found guilty by Defendant R. L. Turner, Disciplinary Hearing Officer. Plaintiff states that he spoke to Defendant Turner about Defendant Marano's failure to follow protocol during the search of Plaintiff's cell. However, Defendant Turner refused to dismiss the institutional charge based on that fact, and directed Plaintiff to argue the matter through an institutional grievance.

Plaintiff indicates that he exhausted the administrative grievance process, but was unsuccessful in getting the disciplinary conviction overturned. Plaintiff claims that the disciplinary charge should have been dismissed by "all parties" and that the Defendants' actions "became negligent" once Officer Marano's failure to follow protocol was discovered. (Compl., Docket Entry 1 at 4.) Plaintiff states he was treated and judged unfairly in the disciplinary hearing and seeks monetary damages and injunctive relief for the Defendants' actions.

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation

was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff has named one defendant, Grievance Tape P239, which is not  amenable to suit under § 1983.  It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person."  For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law.  See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989).  In the instant action, Plaintiff has named an inanimate object, Grievance Tape P239, as a defendant.  As this defendant is not a person subject to suit under § 1983, Grievance Tape P239 should be summarily dismissed from the action.

Next, the Plaintiff's Complaint contains no factual allegations against Defendant Michael McCall, Warden of Perry Correctional Institution.  In fact, Plaintiff does not even mention Defendant McCall in the body of the Complaint.  The Complaint's general claims, absent any personal allegations against Defendant McCall, are insufficient to state a claim under § 1983.  A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).  When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed.  See Karafiat v. O'Mally, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002);

PJG

Whaley v. Hatcher, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).

Plaintiff also names two Perry Correctional Institution employees, Defendants Marano and Turner, for their allegedly negligent job performance. However, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-336 & n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (Daniels bars an action under § 1983 for negligent conduct); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987). Plaintiff's allegations against Defendant Marano are based on Defendant Marano's failure to follow protocol during a search of Plaintiff's cell. Defendant Turner is named for failing to properly perform his job by refusing to dismiss Plaintiff's disciplinary charge. As the negligent actions of these defendants fail to state a cognizable claim under § 1983, Defendant Marano and Defendant Turner should be dismissed from the instant action. See Grayson v. Peed, 195 F.3d 692, 695-696 (4th Cir. 1999) ("[T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences").

Finally, it is noted that Plaintiff alleges that he "wasn't treated or Judged fairly in the Disciplinary Hearing," and that the Defendants "failed to render [Plaintiff] Fair Justice." (Compl., Docket Entry 1 at 4.) However, the Complaint contains no facts to indicate that Plaintiff was denied any of the safeguards required for inmate disciplinary proceedings. See Wolff v. McDonnell, 418 U.S. 539 (1974); see also Baxter v. Palmigiano, 425 U.S. 308 (1976) (discussing limited range of inmate rights in prison disciplinary proceedings).

Therefore, to the extent Plaintiff may be alleging a violation of his Due Process rights, such a claim must fail.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 18, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).